# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| ) | |
| Mark W. Prince ) | |
| ) | |
| Relator/Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 5:13-CV-00045 |
| ) | |
| Virginia Resources Authority, ) | |
| ) | |
| & Others to be determined. ) | |
| ) | |
| Defendants. ) | |

### Memorandum Of Law In Support of Virginia Resources Authority's Motion To Dismiss

This is a qui tam action under the Federal False Claims Act brought by relator, Mark W. Prince. Prince cannot maintain this action in this Court for a procedural reason and for a jurisdictional reason, laying aside – for now – the action's lack of merit.

### *The Procedural Reason*

A pro se nonlawyer party cannot bring a claim under the False Claims Act. "It is clear that pro se, *nonlawyer* relators lack standing to prosecute qui tam actions." *United States ex rel. Hixson v. Health Mgmt. Sys.*, 657 F. Supp. 2d 1039, 1059 (S.D. Iowa 2009), citing, *United States ex rel. Mergent Svcs. v. Flaherty*, 540 F.3d 89, 93 (2nd Cir. 2008)(emphasis added).

*United States ex rel. Hixson,* above, is only one of a body of court of appeals decisions holding that a pro se party may not prosecute a case under the False Claims Act. See *United States ex rel. Mergent Svcs.* at 93 ("Our holding is in accord with all of the circuits that have considered the issue . . ." citing cases from the Seventh, Eighth, Ninth and Eleventh Circuits.)  A qui tam action is not the relator's own case, in which he is permitted to represent himself under 28 U.S.C. § 1654. Id.  *See also, Ross-West v. Bank of N.Y. Mellon Corp.*, 523 Fed. Appx. 395, 396 (7th Cir. Ill. 2013).  ("Furthermore, the Wests could not bring a suit under the False Claims Act at all because they are not lawyers and were not represented by lawyers in the district court.")

Prince is not a proper relator as he is a nonlawyer. As such, this case is procedurally defective and the Court should dismiss it.

### *The Jurisdictional Reason*

The False Claims Act does not subject a state or state agency to liability in such actions*. Vermont Agency of Nat'l Resources v. United States ex rel. Sherens*, 529 U.S. 765, 787-88 (2000). "[A] court should employ the Eleventh Amendment arm-of-the-state analysis in determining if an entity is properly regarded as the state or an agency of the state and so not subject to suit under the FCA." *United States ex rel. Oberg v. Ky. Higher Educ. Student Loan Corp.*, 681 F.3d 575, 580 (4th Cir. 2012). This action is barred

under the Eleventh Amendment. *Stoner v. Santa Clara Off. Of Educ.*, 502 F.3d 1116, 1123 (9th Circ. 2007), cert. denied 522 U.S. 1281 (2008).

The immunity of the Authority is both statutory and constitutional. The Virginia Resources Authority is a political subdivision of the Commonwealth of Virginia. Va. Code § 62.1-200. It is a state-created governmental entity within the Commerce and Trade Secretariat for state government organizational purposes. 2002 Op. Att. Gen. Va., 2002 Va. AG LEXIS 155 (Va. AG 2002). The exercise of its duties and powers is deemed by the Virginia General Assembly to be the performance of an essential governmental function of the Commonwealth. Va. Code § 62.1-200

In *Vermont Agency of Natural Resources v. Stevens*, 529 U.S. 765 (2000), the Supreme Court considered whether as a matter of statutory construction, the False Claims Act subjected a state or state agency to liability. The Court concluded that it does not. 529 U.S. at 787. As to the constitutional question, the Court said, "We of course express no view on the question whether an action in Federal court by a qui tam relator against a state would run afoul of the Eleventh Amendment, but we note that there is 'a serious doubt' on that score." Id. (citing *Ashwander v. TVA*, 297 U.S. 288, 348 (1136) (Branders, J., concurring). In *Stoner*, 502 F.3d, 1116, the Court reached the constitutional issues in a False Claims Act suit against a California county office and a school district, holding that the Eleventh

Amendment posed an independent bar to a qui tam action against either entity. 502 F.3d at 1123.

The Authority is immune from this type of suit. As this case is jurisdictionally defective, the Court should dismiss it.

### *The Rooker-Feldman Doctrine*

Virginia Resources Authority further notes that the relator Prince pleads that the information in his suit is also the basis of his Virginia Fraud Against Taxpayers Act suit filed August 1, 2012. (See Motion to Amend, Docket 11, at ¶ 3.) Prince also discusses the same case in paragraph 99 of his Amended Complaint. The Circuit Court of Shenandoah County dismissed that case and Prince challenged the dismissal in the Supreme Court of Virginia. If the Supreme Court of Virginia rules against Prince, the Authority will invoke the *Rooker-Feldman* Doctrine to support its motion to dismiss.

Federal courts, other than the United States Supreme Court, should not directly review state court decisions unless Congress has specifically authorized that relief. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This Court must not sit as an appellate court for state court decisions. Prince has to find a remedy in the courts of Virginia, or obtain relief from the U.S. Supreme Court.

4

## *Conclusion*

Even if Prince's defective representation were cured, the False Claims Act itself and Eleventh Amendment immunity preclude maintenance of this suit. If the Supreme Court of Virginia turns away Prince's appeal, this court should not hear this matter.

WHEREFORE, the Defendant, Virginia Resources Authority, prays that the Court dismiss this action with prejudice and grant such other and further relief as the ends of justice may require.

Respectfully submitted,

/s/ Jeffrey M. Summers
Of Counsel to the
Virginia Resources Authority

Jeffrey M. Summers, VSB#45905
The Law Office of Jeffrey M. Summers, PLLC
6802 Paragon Place, Suite 410
Richmond, Virginia 23230-1655
Tel: (804) 477-1793
Fax: (8660 936-6906
Email: jmsummers@appeals-va.com

## *Certificate of Service*

I hereby certify that a true and correct copy of the foregoing was served via e-mail to the United States of America Attorney General for the Western District of Virginia to Sara Bugbee Winn, Assistant United States Attorney at Sara.Winn@usdoj.gov and Jay Majors, United States Attorney General's Office Civil Division at jay.majors@usdoj.gov and to Mark W. Prince, Pro Se at mark@sunpeakusa.com.

/s/ Jeffrey M. Summers
Jeffrey M. Summers