IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *ex. rel.* Mark W. Prince, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5:13cv00045 |
| ) | |
| v. ) | |
| ) | By:  Michael F. Urbanski |
| VIRGINIA RESOURCES ) | United States District Judge |
| AUTHORITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This *qui tam* action is presently before the court on the Motion to Reconsider of the Relator, Mark W. Prince ("Prince"), Dkt. No. 37, and the Motion to Clarify of the United States. Dkt. No. 38. The court previously issued a Memorandum Opinion and accompanying Order dismissing this matter. Dkt. Nos. 34 & 35. Prince asks the court to reconsider its dismissal of his claims, while the United States seeks clarification that the court's dismissal was without prejudice as to the United States. For the reasons stated herein, the court will **DENY** Prince's motion and **GRANT** the motion of the United States.

I.

Prince originally alleged, on behalf of the United States, that the Virginia Resources Authority ("VRA") and others violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733 et seq., by knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval related to federal subsidies and tax exempt status for certain bonds through the Build America Bonds program. See 31 U.S.C. § 3729(a)(1)(A) (creating liability for any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval"). VRA moved to dismiss Prince's claims on a number of grounds, including issue

preclusion, i.e., collateral estoppel.  Under Virginia Law, collateral estoppel is properly applied when the following four-factor test is met:

> (1) the parties to the two proceedings must be the same; (2) the factual issue sought to be litigated must have been actually litigated in the prior proceeding; (3) the factual issue must have been essential to the judgment rendered in the prior proceeding; and (4) the prior proceeding must have resulted in a valid, final judgment against the party to whom the doctrine is sought to be applied.

Mem. Op., Dkt. No. 34, at 8-9 (citing Martin-Bangura v. Virginia Dep't of Mental Health, 640 F. Supp. 2d 729, 736 (E.D. Va. 2009); Historic Green Springs, Inc. v. U.S. E.P.A., 742 F. Supp. 2d 837, 849 (W.D. Va. 2010)).  Based on the Final Order in Shenandoah County Circuit Court Case Number CL12000-406-00, Dkt. No. 30-13, the court concluded that all four factors applied as between Prince and VRA.  As such, the court found that Prince's claims were barred by collateral estoppel.  See generally, Mem. Op., Dkt. No. 34, at 6-11.[1]  The court dismissed Prince's claims with prejudice by Order entered April 15, 2014.  Dkt. No. 35.

Prince filed his Motion to Reconsider on May 2, 2014.  Dkt. No. 37.  The United States filed its Motion to Clarify on May 12, 2014.  Dkt. No. 38.  Prince filed a notice of appeal on May 14, 2014.[2]  Dkt No. 40.  Upon initial consideration of the pending motions, the court directed VRA to file a response to the Motion to Reconsider.  Dkt. No. 44.  The VRA filed its response in opposition on June 27, 2014. Dkt. No. 45.  Accordingly, these motions are now ripe for decision.

---

[1] The court also denied VRA's jurisdictional challenge on the basis of the Rooker-Feldman doctrine and dismissed Prince's claims against a number of un-served defendants for failure to prosecute. Prince does not appear to seek reconsideration of this portion of the court's prior decision. See Mot. for Recons., Dkt. No. 37, at 1 ("Plaintiff respectfully requests this court to reconsider its ruling in regard to collateral estoppel.").

[2] This court nevertheless retains jurisdiction pursuant to Federal Rule of Appellate Procedure 4(a)(4). See Fed. R. App. P. 4(a)(4); Asset Holding Co. 5, LLC v. Cornblum, No. 2:12-CV-00034-MR, 2013 WL 5883800, at *1 (W.D.N.C. Oct. 31, 2013) (explaining that the district court returns jurisdiction to decide a Rule 59(e) motion even after the filing of a notice of appeal); Couram v. S. Carolina Dep't of Motor Vehicles, No. CIV. 3:10-001-MJP, 2011 WL 1743264, at *1 (D.S.C. May 6, 2011) (same).

2

## II.

Prince styles his motion as a "Motion to Reconsider." He does not cite any Federal Rule of Civil Procedure as a basis for his motion. VRA argues that the court should thus construe the motion as a motion for relief from a judgment or order pursuant to Rule 60(b). See Mem. in Opp'n to Mot. for Recons., Dkt. No. 45, at 2. However, the Fourth Circuit has held that "if a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (citation omitted); see also MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting that CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4). As such, because Prince filed his motion within twenty-eight days of the court's entry of the Order dismissing the case, the court will construes it as a Rule 59(e) motion.

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has directed that "a court may grant a Rule 59 motion in three circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quoting United States v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002)). It is well settled that "Rule 59(e) 'may not be used to relitigate old matters' or to 'raise arguments which could have been raised prior to the issuance of the judgment.'" O'Connor v. Columbia Gas Transmission Corp., 643 F. Supp. 2d 799, 810 (W.D. Va. 2009) (quoting Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 404 (4th Cir. 1998)). "In other words, a motion for reconsideration under Rule 59(e) is inappropriate if it asks the court to 'reevaluate the basis upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.'" Projects Mgmt. Co. v.

3

DynCorp Int'l, LLC, No. 1:13-CV-331, 2014 WL 1513267, at *1 (E.D. Va. Apr. 15, 2014) (quoting United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997)). Instead, a Rule 59(e) motion "is considered to be 'an extraordinary remedy that should be used sparingly.'" Lee v. Zom Clarendon, L.P., 665 F. Supp. 2d 603, 615-16 (E.D. Va. 2009) (quoting Pac. Ins., 148 F.3d at 403), aff'd sub nom. Sun Yung Lee v. Clarendon, 453 F. App'x 270 (4th Cir. 2011).

In practice, this court has occasionally shown some laxity to *pro se* parties filing Rule 59(e) motions rearguing a claim or asking the court to reevaluate the basis for its prior ruling, particularly where a *pro se* party appears to be confused about the nature of the court's prior reasoning. Prince, however, is not proceeding *pro se*. Prince (and his counsel) should be well aware of the requirements of the Federal Rules. Instead, Prince merely argues in his Motion for Reconsideration that the court was wrong in concluding that his claims are barred by collateral estoppel while providing no justification for re-raising arguments previously made or for raising new arguments post-judgment. Doing either is inappropriate in a Rule 59(e) motion. Nowhere in his motion does Prince assert either a change in the law, the discovery of new evidence that was previously unavailable, or a legal error so clear or the risk of an injustice so manifest that it provides a basis for invoking the "extraordinary remedy" of altering or amending the final judgment of the court.

In short, Prince simply argues that the court got it wrong. This is plainly an insufficient basis for a Rule 59(e) motion. Such an argument is properly made to the Fourth Circuit Court of Appeals, not this court in a post-judgment motion.

### III.

The court's Order dismissing this case makes quite clear that the dismissal is with prejudice as to Prince. See Dismissal Order, Dkt. No. 35. However, the Order is silent as to the prejudicial effect, if any, as to the United States. The United States argues that any dismissal should be without prejudice as to it. In support of this argument, the United States asserts that it is not barred by

4

collateral estoppel, noting that it was not a party to the Shenandoah County Circuit Court action and that the case did not result in a valid, final judgment against it. The court agrees and will clarify its Dismissal Order accordingly.

Furthermore, the United States notes that the court dismissed Prince's claims as to four other defendants, who had not been served, for failure to prosecute. After assessing the factors set forth in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), the court did so with prejudice. See generally, Mem. Op., Dkt. No. 34, at 11-15. The United States notes that courts have generally found that dismissals for reasons unrelated to the merits of a FCA claim are appropriately entered without prejudice to the United States. For example, in United States ex rel. Rostholder v. Omnicare, Inc., No. CIV. CCB-07-1283, 2012 WL 3399789 (D. Md. Aug. 14, 2012), aff'd, 745 F.3d 694 (4th Cir. 2014), the court dismissed the relator's claims pursuant to Rule 12(b)(6). The court then addressed the prejudicial effect of the dismissal as to the United States.

> The government has requested that any dismissal of relator's claim should be without prejudice as against the United States, and the court agrees. The government's decision not to intervene in this case does not suggest that the government necessarily believed that no FCA case was viable. As the Fourth Circuit has noted, a decision not to intervene may "not [necessarily be] an admission by the United States that it has suffered no injury in fact, but rather [the result of] a cost-benefit analysis." United States ex rel. Berge v. Bd. of Trustees of the Univ. of Alabama, 104 F.3d 1453, 1458 (4th Cir. 1997); see also United States ex rel. Williams v. Bell Helicopter Textron Inc, 417 F.3d 450, 455 (5th Cir. 2005) (holding that dismissal with prejudice as to the United States was improper where basis for dismissal was failure to meet heightened pleading standard under FRCP 9(b)). Accordingly, it would be inappropriate to dismiss with prejudice as to the United States or as to the states or localities on whose behalf relator brought this claim.

Id. at *15 (alterations in original) (full cites added). Here, the claims against the un-served defendants were dismissed on the basis of Prince's failure to prosecute. Such a dismissal is the result of Prince's failure to act, not any fault on the part of the United States, and is furthermore not a

dismissal on the merits. Thus, it is proper for the dismissal of these claims to be without prejudice as to the United States. Cf. United States ex rel. King v. DSE, Inc., No. 8:08-CV-2416-T-23EAJ, 2013 WL 610531, at *11 (M.D. Fla. Jan. 17, 2013) (citing Williams, 417 F.3d at 455-56) ("The Government requests that if the Court dismisses this action, it does so without prejudice to the United States because Defendants seek dismissal for the Relator's alleged procedural misconduct, not on the merits of the case. [] Accordingly, it is recommended that this case be dismissed without prejudice as to the Government."), report and recommendation adopted, No. 8:08-CV-2416-T-23EAJ, 2013 WL 608541 (M.D. Fla. Feb. 19, 2013), aff'd, No. 13-11026 (11th Cir. 2014); United States ex rel. Fay v. Northrop Grumman Corp., No. CIVA06CV00581EWN-MJW, 2008 WL 877180, at *10 (D. Colo. Mar. 27, 2008) ("Considering the breadth and generality of Relator's fifty-three page complaint, as well as the fact that this order does not constitute an adjudication on the merits of any of the allegations therein, I dismiss without prejudice as to the Government."). The court will therefore clarify its Dismissal Order accordingly.

**IV.**

Prince has not put forward any basis to alter or amend the court's judgment cognizable under Rule 59(e). Instead, he asks the court to reevaluate the basis upon which it made its prior ruling based on the reassertion of old arguments and the introduction of new ones. Prince's complaints with the court's prior Memorandum Opinion are properly directed to the Fourth Circuit on appeal, not to this court via Rule 59(e). His motion will be denied.

As to the United States, it was not a party to the Shenandoah County Circuit Court action brought by Prince against VRA. Collateral estoppel therefore does not apply to the United States. Furthermore, the dismissal of the other defendants was not a dismissal on the merits. As such, the court's prior Order dismissing this case is properly amended to clarify that the dismissal is with

6

Case 5:13-cv-00045-MFU   Document 46   Filed 07/10/14   Page 6 of 7   Pageid#: 929

prejudice only as to Prince; the dismissal of any and all claims is without prejudice as to the United States. The motion of the United States will accordingly be granted.

An appropriate Order will be entered this day.

The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Entered: July 10, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge